William C. COOK, Appellant,

v.

LAYNE TEXAS COMPANY, INC., et al.,
Appellees.

No. 5227.

Court of Civil Appeals of Texas,
Waco.

May 3, 1973.

Rehearing Denied May 31, 1973.

Fred A. Collins, Talmage M. Guy, Houston, for appellant.

Cox, Evans, Pakenham & Roady, James A. Pakenham, Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Cook from judgment in his favor for "$500 as reimbursement of expenses", in suit against defendant Layne for $11,700 fee for obtaining a loan commitment.

Plaintiff alleged that he was in the business of obtaining private placement loans; that defendant acting through its president Jensen retained the services of plaintiff to secure it a loan commitment; that plaintiff secured defendant a loan commitment for $390,000; that defendants' Board of Directors voted not to take the loan; that defendant became bound to pay plaintiff a reasonable fee for obtaining such loan commitment which was 3% or $11,700, plus interest and attorneys' fees.

Trial was to the court which rendered judgment for plaintiff for "$500 as reimbursement of expenses". No Findings of Fact or Conclusions of Law were requested or filed.

Plaintiff appeals on 3 points:

1) The trial court erred in failing to find that the weight and preponderance of the evidence established a contract implied in fact between plaintiff and defendant.

2) The trial court erred in limiting recovery to $500, because there is no evidence to establish an amount less than ½ of 3% of the loan commitment of $390,000.

**378**

3) The trial court abused its discretion in failing to award attorney's fees to plaintiff.

We revert to plaintiff's contention 1.

Plaintiff a loan broker, approached defendants' president Jensen in July 1967, and offered to secure a loan commitment for defendant. It was agreed plaintiff would pursue a loan for defendant, and plaintiff sought a loan from GAC in Pennsylvania, and from Mercantile Finance Company in Dallas. On November 7, 1967 Mercantile committed to loan defendant $390,000. The loan was conditioned that defendant issue 4000 shares of stock to Jensen "to insure proper management of corporate funds for Layne Texas Company over the life of this loan". Defendants' Board of Directors voted not to accept the loan, and no loan was ever made to defendant.

There was no written agreement as to any fee plaintiff was to receive for securing a loan commitment. Plaintiff testified Mr. Jensen assured him he would be paid a fee; Mr. Jensen denied this.

Plaintiff worked some eight hours trying to get the loan from GAC; then made two trips to Dallas, made 5 or 6 long distance calls, wrote letters; and spent four or five days getting the loan commitment from Mercantile.

Plaintiff usually has a written contract with those he seeks loans for, but did not with defendant. Plaintiff asserts he was entitled to his fee when he obtained the loan commitment from Mercantile, whether defendant accepted the loan and borrowed the money or not; and that a contract was "implied in fact" to pay him.

■ We think the evidence ample to sustain the implied finding of the trial court there was no contract implied in fact, and that such is not against the great weight and preponderance of the testimony. The trial court could have believed plaintiff was a volunteer.

■ Contention 2 complains of the trial court "limiting the recovery to $500". The trial court allowed *no* recovery to plaintiff for securing the loan commitment. The $500. was allowed plaintiff for reimbursement of expenses.

■ Contention 3 complains of the failure of the trial court to award plaintiff attorneys' fees. Plaintiff's suit was to recover for services rendered. Since no recovery was awarded plaintiff for services rendered, no attorneys' fees are authorized under Article 2226 Vernon's Ann.Tex.St.

■ Defendant by cross point complains of the award of $500. to plaintiff for reimbursement of expenses asserting there is no evidence to support same. Plaintiff made two trips to Dallas, a number of telephone calls to Pennsylvania, as well as other work and efforts. We think the trial court was authorized to make the award that he did.

Plaintiff's points and defendants' cross point are overruled.

Affirmed.