**MFD PARTNERS**, a Hawai'i general partnership, and **MFD 700 BISHOP, INC.**, a Hawai'i corporation, Plaintiffs–Appellees, v. **PATRICK W. MURPHY**, Defendant–Appellant/Third–Party Plaintiff, v. **DAISY YAMADA, NEIL PETAGNO, JOEL CRIZ & ASSOCIATES, INC.**, and **JOEL CRIZ**, Third–Party Defendants

NO. 16154

(CIV. NOS. 90–0886 AND 90–2946)

DECEMBER 7, 1992

BURNS, C.J., HEEN, AND WATANABE, JJ.

## OPINION OF THE COURT BY WATANABE, J.

Defendant–Appellant Patrick W. Murphy (Defendant) urges us to conclude that he was the "successful party" at the trial below and, therefore, the First Circuit Court erred when it denied his post–judgment request for attorneys' fees and costs. We affirm.

### FACTS AND PROCEDURAL HISTORY

Defendant rented commercial space at the Amfac Center, a building managed by Plaintiff MFD Partners (MFD). The lease agreement (master lease) between the parties provided for renegotiation of the rents effective March 1, 1989. In the interim, however, Defendant sublet portions of the premises to Joel Criz & Associates, Inc. (Criz Corporation) and Neil Petagno (Petagno), providing in the sublease agreements for automatic pro rata increases in the sublease rents, based upon any rental increase under the master lease.

Defendant renegotiated the rent under the master lease with Daisy Yamada (Yamada), managing agent and employee of MFD. While renegotiations were ensuing, Yamada directly offered Petagno and Criz Corporation new space in the building at lower rents without Defendant's knowledge. As a result, Criz Corporation refused to pay the new rent under the sublease, and Petagno breached his sublease with Defendant, causing Defendant to suffer

lost rental income and become delinquent in his rental payments under the master lease.

On February 22, 1990, MFD sued Defendant in district court for alleged non–payment of approximately $24,000 in back rent.[1] Defendant requested a jury trial on the matter, and the case was subsequently docketed in the First Circuit Court as Civil No. 90–0886.

On March 30, 1990, MFD filed a second complaint, seeking summary possession of the leased premises because Defendant was continuing to occupy the premises without paying rent. Although the district court resolved the summary possession issue, it nevertheless committed the second case to the First Circuit Court, where it was assigned Civil No. 90–2946.

Both cases were consolidated for trial by stipulation. Pursuant to his counterclaim and third–party complaint allegations, Defendant attempted to prove at trial that he should be excused from paying any rent under the master lease, since MFD's management agent had intentionally interfered with his sublease agreements.

At the conclusion of the trial, the jury returned its special verdict form, finding as follows:

> *Question No. 1.* Did Patrick Murphy fail to perform under his lease agreement with MFD Partners?
>
>    X    Yes         No
>
> *Question No. 2.* Did Daisy Yamada's actions excuse Patrick Murphy from performing under his lease agreement with MFD Partners?
>
>         Yes    X    No

---

[1] By an order filed on December 5, 1990, MFD 700 Bishop, Inc. was added as a party plaintiff.

*Question No. 3.* What is the amount of damages that MFD Partners is entitled to because of Patrick Murphy's failure to perform under the lease agreement?

$ ___0___

· *Question No. 4.* Did Daisy Yamada tortiously interfere with Patrick Murphy's sublease agreement?

_____ Yes ___X___ No

Record at 178–80.

The trial court subsequently entered a Judgment on Verdict which ordered, adjudged, and decreed that:

1.) Plaintiff MFD Partners and MFD 700 Bishop, Inc. have judgment against Defendant Patrick W. Murphy in the amount of nominal damages.

2.) Third–Party Defendant Daisy Yamada have judgment against the Defendant and Third–Party Plaintiff Patrick W. Murphy in his third–party complaint.

*Id.* at 185–86.

Because Plaintiff had sued Defendant for over $24,000 in money damages but received only nominal damages, Defendant moved for attorneys' fees and costs, which he claimed he was entitled to as the "successful party" in the litigation. The trial court, however, determined that Plaintiffs were the "prevailing and/or successful parties" and thus denied Defendant's motion. This timely appeal followed.

## DISCUSSION

It is well–settled that "no attorney's fees may be awarded as damages or costs unless so provided by statute, stipulation, or agreement." *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 618, 575 P.2d 869, 878 (1978). In this case, the master lease between MFD and Defendant clearly provided for an award of reasonable attorneys' fees to the successful party in any action that the tenant or owner might bring against each other:

> If Tenant or Owner shall bring any action for any relief against the other, declaratory or otherwise, arising out of this lease, including any suit by Owner for the recovery of rent or possession of Premises, the losing party shall pay the successful party a reasonable sum for attorneys' fees in such suit, and such attorneys' fees shall be deemed to have accrued on the commencement of such action.

Moreover, Hawai'i Revised Statutes §. 607–17 (1985) provides in pertinent part:

> Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant:
>
> (1) Where the note or other contract in writing provides for a fee of twenty–five per cent or more, or provides for a reasonable attorney's fee, not more than twenty–five per cent shall be allowed;
>
> (2) Where the note or other contract in writing provides for a rate less than twenty–five per cent, not more than the specified rate shall be allowed;
>
> provided that the fee allowed in any of the above cases shall not exceed that which is deemed reasonable by the court.

The dispositive issue in this appeal, therefore, is whether Defendant was the successful party at trial so as to be entitled to attorneys' fees.

Defendant maintains that Plaintiffs are the "losing party" because the trial court awarded them only "nominal damages."

While there is some case law supporting Defendant's position,[2] the majority view is that when a jury finds for the plaintiff as to liability, the plaintiff is the prevailing party and entitled to costs even though the jury determines that the plaintiff has suffered no more than nominal damages. 10 C. WRIGHT, S. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2667, at 186–87 (2d ed. 1983) (discussing Rule 54(d), Federal Rules of Civil Procedure, which is representative of the usual approach to allowing costs to the "prevailing party"). *See also Three–Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993 (5th Cir. 1976); *Western Decor & Furnishings Indus., Inc. v. Bank of America Nat'l Trust and Sav. Ass'n*, 91 Cal. App. 3d 293, 154 Cal. Rptr. 287 (1979); *I.A. Schafer v. Southern Ry. Co.*, 266 N.C. 285, 145 S.E.2d 887 (1966); *Miles v. F.E.R.M. Enterprises, Inc.*, 29 Wash. App. 61, 627 P.2d 564 (1981). As stated in MOORE'S FEDERAL PRACTICE, "[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. Although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party" for purposes of costs and attorneys' fees, 6 J. MOORE, W. TAGGART & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 54.70[4], at 54–323 – 54–324, (2d ed. 1992) (citations omitted).

---

[2] *See, e.g., Odziemek v. Wesely*, 102 Idaho 582, 634 P.2d 623 (1981), where the Idaho Supreme Court, over two vigorous dissents, concluded that the trial court did not abuse its discretion in determining that defendant was the prevailingparty and entitled to an award of fees and costs when the jury's verdict was in favor of plaintiff but the jury awarded plaintiff only nominal damages of one dollar. *Id.* at 623–24. *See also Overland Dev. Co. v. Marston Slopes Co.*, 773 P.2d 1112 (Colo. App. 1989), in which the Colorado Appeals Court held that to be a prevailing party, the applicant for fees must succeed only upon a "significant," not necessarily a "central," issue; however, the benefits achieved must be more than *de minimus*. *Id.* at 1115.

Similarly, in Hawai'i, our supreme court has pronounced as a general rule that "where a party prevails on the disputed main issue [in a case], even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." *Food Pantry, Ltd.*, 58 Haw. at 620, 575 P.2d at 879. The trial court is required to first identify the principal issues raised by the pleadings and proof in a particular case, and then determine, on balance, which party prevailed on the issues. *Id.*

Applying the foregoing test to the instant case, we note that there were two principal issues raised by the pleadings and proof at trial: (1) whether Defendant failed to perform under the master lease agreement with MFD; and (2) whether Yamada's actions excused Defendant from performing his obligations under the master lease. It is clear from the jury's special verdict and the trial court's judgment that Plaintiffs prevailed on both issues.

## CONCLUSION

Consequently, it was not error for the trial court to determine that Plaintiffs were the successful parties in this case and that Defendant was not entitled to an award of attorneys' fees and costs under the master lease agreement.

Affirmed.

*Jack C. Morse*, on the briefs for defendant–appellant.

*Morio Omori* and *Lloyd Y. Asato* on the brief for plaintiffs–appellees.