**DENNIS I. SPENCER CONTRACTOR, INC., a Colorado corporation, Petitioner,**

v.

**CITY OF AURORA, Colorado, a Municipal corporation, Respondent.**

**No. 93SC529.**

Supreme Court of Colorado, En Banc.

Nov. 7, 1994.

Faegre & Benson, Michael J. Cook, Natalie Hanlon–Leh, Denver, for petitioner.

Office of the City Atty., Charles H. Richardson, Aurora, Gulley and Gaar, P.C., Dale A. Gaar, Englewood, York & Associates, Marcia G. O'Brien, Littleton, for respondent.

Justice VOLLACK delivered the Opinion of the Court.

Dennis I. Spencer Contractor, Inc. (Spencer Contractor), petitions this court to review

the decision by the court of appeals in *Dennis Spencer Contractor Inc. v. City of Aurora*, No. 92CA0176 (Colo.App. Mar. 25, 1993) (not selected for official publication), affirming the trial court's ruling that the respondent, the City of Aurora (Aurora), which was found by the trial court to have breached a construction contract and a settlement agreement, was the prevailing party on the settlement agreement and entitled to attorney fees.

■ We granted certiorari to decide the standard for determining the prevailing party for purposes of awarding attorney fees pursuant to a fee-shifting provision in a settlement agreement which provides for reasonable attorney fees to the prevailing party in any enforcement action. We hold that, where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees. We reverse the court of appeals' decision and remand to the court of appeals with directions to remand this matter to the trial court for a determination of the reasonable attorney fees to which Spencer Contractor is entitled as the prevailing party.

## I.

In August 1988, Spencer Contractor entered into an agreement with Aurora for construction of an underground sanitary sewer line, as part of the Alameda Parkway Project (the construction contract). During the course of construction, Spencer Contractor encountered a number of unexpected delays resulting from site conditions. Spencer Contractor requested additional time and compensation to complete the construction contract. Aurora granted a fourteen-day time extension, but refused to compensate Spencer Contractor for additional construction costs. Aurora subsequently assessed liquidated damages against Spencer Contractor when it failed to complete the project on time.

In August 1989, Spencer Contractor filed a civil action, claiming that Aurora had breached the construction contract by refusing to issue time change orders and by failing to exercise good faith in performing its duties. Approximately one year later, Spencer Contractor amended its complaint to add a claim alleging that Aurora had breached a settlement agreement, executed by the parties in connection with a 1985 lawsuit, which resolved a dispute involving the Emporia Street Storm Sewer Project (the settlement agreement).

According to the amended complaint, Aurora breached a provision of the settlement agreement which prohibited Aurora from "treating Spencer Contractor or any bid submitted by it differently [than] any other contractor" by retaliating against Spencer Contractor in connection with the bidding and performance of the Alameda Parkway Project construction contract.[1] Aurora filed a counterclaim alleging breach of the settlement agreement by Spencer Contractor.

The case proceeded to trial in October 1991.[2] Following the trial, the jury returned a special verdict finding that Aurora had breached both the construction contract and the settlement agreement.[3] The jury addi-

1. The settlement agreement remained in effect at the time of the conduct complained of by Spencer Contractor.

2. At the commencement of trial, both parties stipulated that any award of attorney fees would be calculated as a post-trial matter after the jury rendered its verdict and the court entered final judgment.

3. The Special Verdict given by the court to the jury contained five questions:

1. Did the defendant, the City of Aurora, breach the contract for the Alameda Parkway construction project either by failing to issue change orders granting appropriate additional time and compensation for materially differing site conditions, or by failing to exercise good faith in the performance of its duties under the contract, or both?

2. Did the defendant, the City of Aurora, breach the Settlement Agreement?

3. Did the plaintiff, Dennis I. Spencer Contractor, Inc. incur damages as a result of the defendant, the City of Aurora's breach of the contract for the Alameda Parkway construction project?

4. Did the plaintiff, Dennis I. Spencer Contractor, Inc. incur damages as a result of the defendant, the City of Aurora's breach of the Settlement Agreement?

tionally concluded that Spencer Contractor had incurred actual damages of $57,000 as a result of Aurora's breach of the construction contract. The jury found that Aurora had breached the settlement agreement but did not award any damages to Spencer Contractor on the settlement agreement.

Both parties then submitted requests for attorney fees based on a fee-shifting provision in the settlement agreement entitling a "prevailing party" in any enforcement action to recover all costs and reasonable attorney fees. Subsequently, the Arapahoe County District Court ruled that Aurora was the "prevailing party" on the claim for the breach of the settlement agreement and awarded attorney fees in the amount of $30,-000 to Aurora.[4]

Spencer Contractor appealed the trial court's order to the court of appeals. The court of appeals affirmed in part, reversed in part, and remanded the case to the trial court. The court of appeals affirmed the trial court's ruling that Aurora was the prevailing party on the settlement agreement, slip op. at 2–3, but reversed and remanded on the grounds that the trial court's findings were insufficient for the appellate court to determine that the fees awarded were actually incurred and were reasonable. The court of appeals reasoned as follows:

> In order to receive the benefit of a contract provision which calls for an award of attorney fees to the prevailing party, the applicant must "have succeeded upon a significant issue presented by the litigation

and must have achieved some of the benefits that he sought in the lawsuit." *Overland Development Co. v. Marston Slopes Development Co.*, 773 P.2d 1112, 1115 (Colo.App.1989).

Here, Aurora succeeded in arguing that any breach of the settlement agreement did not result in damages to Spencer. As a result, it achieved its goal of avoiding payment of damages to Spencer. Contrary to the position taken by Spencer, this court has previously recognized that such a result by a defendant is sufficient to support a trial court's conclusion that the defendant was the prevailing party for purposes of awarding attorney fees. *Odenbaugh v. County of Weld*, 809 P.2d 1059 (Colo.App.1990).

*Spencer Contractor*, slip op. at 2–3.

## II.

Spencer Contractor maintains that it succeeded on the merits of its claim for breach of both the construction contract and the settlement agreement and should be deemed the prevailing party for purposes of awarding attorney fees.[5]

The question of who is a prevailing party for purposes of awarding attorney fees pursuant to a settlement agreement which provides for attorney fees to the prevailing party, in litigation regarding a breach of a construction contract and a breach of a settlement contract, and the appropriate standard for making this determination presents an issue of first impression for this court.[6]

---

5. State the total amount of actual damages, if any, incurred by the plaintiff, Dennis I. Spencer Contractor, Inc., and caused by the conduct of the defendant, the City of Aurora in breaching the Alameda Parkway construction contract, the Settlement Agreement, or both. Spencer Contractor objected to the Special Verdict, claiming that it erroneously required the jury to speculate about the separate effects of each of Aurora's breaches while Spencer Contractor's theory of the case, and the evidence, showed that essentially the same conduct constituted a breach of both contracts.

4. Spencer Contractor sought to recover $32,-363.50 in attorney fees from Aurora for breach of the settlement agreement.

5. We granted certiorari to consider the following issues:

Whether the court of appeals erred in concluding that respondent and not petitioner was a "prevailing party" entitled to a contractual award of attorney fees when a jury found that respondent had breached its contract, but awarded no damages to petitioner for that breach.

Whether the court of appeals erred in concluding that respondent was a "prevailing party" entitled to a contractual award of attorney fees when a jury found that respondent had breached its contract, but awarded no damages to petitioner for that breach.

Because these two issues are interrelated, we now consider them together.

6. The determination of which party prevailed is committed to the discretion of the trial court and is subject to an abuse of discretion standard of

Relying on *Overland Development Co. v. Marston Slopes Development Co.*, 773 P.2d 1112 (Colo.App.1989), the court of appeals determined that, pursuant to a fee-shifting provision in a settlement agreement which provides for reasonable attorney fees to the prevailing party, the applicant must "have succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits that he sought in the lawsuit." *Spencer Contractor*, slip op. at 2. Based on this standard, the court of appeals concluded that Aurora had prevailed on the breach of the settlement agreement since the breach did not result in any damages to Spencer Contractor. The court of appeals determined that Aurora had achieved its goal of avoiding payment of damages to Spencer Contractor. Relying upon *Odenbaugh v. County of Weld*, 809 P.2d 1059 (Colo.App. 1990), the court of appeals concluded that Aurora was the prevailing party for purposes of awarding attorney fees.

In *Overland Development*, a purchaser brought an action for breach of contract, fraud, and negligent misrepresentation against the land developer who contractually agreed to perform certain landscaping. The purchaser claimed, *inter alia*, that the land developer had failed to fulfill its contractual obligation to install landscaping. The trial court agreed that the defendant had breached its contractual obligation to install landscaping, but the trial court concluded that the purchaser, in the resale of the property, had not suffered any actual damages by the breach. *Overland Dev.*, 773 P.2d at 1115.

On appeal, the purchaser contended that it was entitled to attorney fees as the prevailing party on the breach of contract claim,[7] despite the fact that no actual damages were awarded. The court of appeals disagreed. Relying on the standard enunciated in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), for awarding attorney fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C.A. § 1988 (West 1981), the court of appeals, in determining which party was entitled to receive the benefit of an attorney fees provision that entitles the prevailing party to attorney fees, embraced the Supreme Court's two-part test: the applicant must "have succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits that he sought in the lawsuit."[8] *Overland Dev.*, 773 P.2d at 1115. Under this standard, a party must prevail upon a "significant" issue, and a party need not prevail on the "central" issue. The benefits achieved must be more than *de minimis*. *Id.* (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)).[9] "[T]he mere judicial declaration that one of the plaintiff's legal assertions is correct does not mean that he has prevailed in the litigation, unless some benefits flow, or may be anticipated to flow, to the plaintiff from that declaration." *Overland Dev.*, 773 P.2d at 1115–16 (citing *Hewitt v. Helms*, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987); *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988)).

Applying this standard, the court of appeals concluded that, although the purchaser succeeded on a significant legal issue, its recovery of nominal damages was *de minim-*

review on appeal. *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir.1990).

7. Plaintiff purchased the property pursuant to two written agreements which provided that the "prevailing party" would be "entitled" to an award of reasonable attorney fees. *Overland Dev.*, 773 P.2d at 1113. Similar to the settlement agreement at issue here, the agreements neither defined the term "prevailing party" nor set forth the criteria that a party must satisfy to be deemed a prevailing party.

8. In employing this standard, the court of appeals reasoned that this standard

is currently being applied in a large number of cases by both the federal and state courts. We recognize that the federal civil rights statutes present issues of public policy not presented in the typical civil action concerning an alleged breach of contract. However, both the statutory provision for the award of attorney fees and a contract provision therefor have the common purpose of allowing an innocent party to obtain judicial relief without being subjected to financial hardship.
*Overland Dev.*, 773 P.2d at 1115.

9. The court of appeals additionally stated that no state court decision has adopted any general rule for determining when a party has prevailed. *Overland Dev.*, 773 P.2d at 1115.

*is* and therefore the purchaser was not the "prevailing party." The court of appeals, however, did not hold that the defendant was the prevailing party because the jury did not award actual damages.

We do not consider the *Hensley* standard relied upon in *Overland* to be dispositive in this case and conclude that the court of appeals misapplied the *Hensley* standard, which was intended to apply to awarding attorney fees in civil rights actions under 42 U.S.C.A. § 1988 only.[10] To the extent *Overland* conflicts with this opinion, we disapprove of it. Further, the standard adopted in *Nouri v. Wester & Co.*, 833 P.2d 848 (Colo.App.1992), and other jurisdictions in determining who is entitled to attorney fees in a non-civil rights action lends additional support to our determination that the court of appeals erred in adopting the *Hensley* standard.

In *Nouri,* a tenant sued his landlord for breach of an exclusive-use restriction in a lease between the parties. The landlord filed a counterclaim seeking a declaration that the tenant's option to renew the lease had been terminated by the tenant's assignment of rights. The trial court ruled that the assignment violated the lease and extinguished the renewal option. The trial court additionally found that the landlord had breached the lease. The trial court, however, did not enter an injunction in favor of the tenant or award the tenant damages since the tenant did not establish any amount of damages for the breach. *Nouri,* 833 P.2d at 850. The trial court therefore ruled that "[the landlord] was not entitled to recover attorney fees incurred in defense of [tenant's] action because of its determination that [the landlord] had violated the lease" in spite of an attorney fees provision authorizing attorney fees to the successful party in legal proceedings brought to enforce the lease. *Id.*

The court of appeals affirmed this ruling in part. The court of appeals determined that the landlord was entitled to attorney fees for litigating its counterclaim concerning the tenant's right to exercise the option to renew the lease:

> An award of fees in an action for declaratory relief is appropriate here because the trial court ruled in favor of [the landlord's] right to declare a forfeiture of the option to renew. Thus, the fees [which the landlord] incurred in pursuing the counterclaim were the result of successful efforts "to enforce" the lease. . . .

*Id.* at 852.

Because the landlord violated the lease, however, the court of appeals upheld the trial court's ruling that the landlord should not be rewarded for breaching the contract by recovering attorney fees incurred in defending against the tenant's claim.

Under *Nouri,* a litigant is not considered a prevailing party for purposes of awarding attorney fees if it breached its contractual obligations, notwithstanding the fact that it was not required to pay damages for that breach. The court of appeals' conclusion that Aurora is entitled to receive attorney fees because no damages were assessed against it is inconsistent with *Nouri.* Aurora, like the landlord in *Nouri,* should not receive attorney fees because it breached both the construction contract and the settlement agreement. Even though Spencer Contractor was not awarded damages for breach of the settlement agreement, awarding attorney fees to Aurora would effectively confer a benefit upon a party for violating its own agreement.

Other jurisdictions have similarly held that a party who violates a statutory or contractual obligation, but against whom no damages are recovered, is not entitled to an award of attorney fees for breaching its legal obligations.[11] *See, e.g., Shurtliff v. Northwest*

---

**10.** The United States Code, at § 1988, confers power on the courts, both federal and state, to award attorney fees as part of "costs" to parties who prevail in civil rights actions to remedy racial discrimination in transactions involving contracts or real or personal property, 42 U.S.C. §§ 1981, 1982; the violation of federal constitutional or statutory rights by state or local officials, 42 U.S.C. § 1983; conspiracies to violate civil rights, 42 U.S.C. § 1985; official failure to prevent civil rights violations, 42 U.S.C. § 1986; sex discrimination in federally financed education programs (Title IX); and race discrimination in federally financed programs (Title VI).

**11.** Some jurisdictions follow a "net judgment" or "affirmative judgment" rule. A breaching defen-

*Pools, Inc.*, 120 Idaho 263, 815 P.2d 461, 465 (App.1991), *reh'g denied*, (Idaho App.1991) (evaluating the following criteria in determining who is a prevailing party: (1) the final judgment or result obtained in the action in relation to the relief sought; (2) whether there were multiple claims or issues presented; and (3) the extent to which each of the parties prevailed on each of the issues or claims); *Johns v. Park*, 96 Or.App. 314, 773 P.2d 1328, 1332 (1989) ("As a general rule, there can be only one prevailing party in an action. Because the contract does not provide differently, the 'prevailing party' here is the one in whose favor final judgment is rendered."); *Lucite Center, Inc. v. Mercede*, 606 So.2d 492, 493 (Fla.Dist.Ct.1992) quoting *Moritz v. Hoyt Enters., Inc.*, 604 So.2d 807, 810 (Fla.1992) ("[E]ither [lessee] or [lessor] breached the contract and either [lessee] or [lessor] is entitled to attorney's fees and costs under the contract. Therefore, upon remand, the trial court shall determine which party breached the contract. Once the trial court makes that determination, the trial court must determine who is the prevailing party and then award attorney's fees and costs to the prevailing party. '[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court.' ").

The majority view is that a plaintiff is the prevailing party and entitled to costs where the jury finds for the plaintiff as to liability but determines that the plaintiff has suffered no more than nominal damages. *MFD Partners v. Murphy*, 9 Haw.App. 509, 850 P.2d 713, 715–16 (1992); *see also Three–Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993 (5th Cir.1976); *Western Decor and Furnishings Indus., Inc. v. Bank of America Nat'l Trust & Sav. Ass'n*, 91 Cal.App.3d 293, 154 Cal.Rptr. 287 (1979); *I.A. Schafer v. Southern Ry. Co.*, 266 N.C. 285, 145 S.E.2d 887 (1966); *Miles v. F.E.R.M. Enter., Inc.*, 29 Wash.App. 61, 627 P.2d 564 (1981); *Atlantic Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 450 (Tex.App.1993) ("When a party prevails and establishes a valid claim, the party can be entitled to attorney's fees without achieving a monetary recovery on the claim itself. The jury's finding of zero damages does not preclude the awarding of attorney's fees when the party has prevailed under the terms of the contract."); *Brown v. Richards*, 840 P.2d 143, 155 (Utah App.1992) ("It is the determination of culpability, not the amount of damages, that determines who is the prevailing party.").

In *MFD Partners v. Murphy*, 9 Haw.App. 509, 850 P.2d 713 (1992), a landlord brought an action against a tenant for alleged nonpayment of rent and summary possession of premises. The trial court awarded nominal damages to the landlord and determined that the landlord was the prevailing party. On appeal, the tenant maintained that the landlord was the losing party because the trial court awarded the landlord only "nominal damages". The Intermediate Court of Appeals reviewed its general rule:

dant is the prevailing party only if the plaintiff also breached the contract and if the defendant recovers more in damages than the plaintiff. In *Illingworth v. Bushong*, 61 Or.App. 152, 656 P.2d 370 (1982), *aff'd*, 297 Or. 675, 688 P.2d 379 (1984), the court awarded fees to a plaintiff who prevailed on an equitable claim for return of a $50,000 earnest money deposit, which was offset by the defendant's successful counterclaim for $6,500 in actual damages. The court concluded that the plaintiff had obtained a "net judgment" of $43,500 and was therefore "clearly the prevailing party." *Id.* at 374. The court stated that, as a general rule, where both the plaintiff and the defendant seek damages from each other by way of claim and counterclaim and both claims are upheld, the party in whose favor final [net] judgment is rendered is entitled to attorney fees. We have qualified that rule only

to recognize that where one party seeks money damages and the other party seeks equitable relief and both prevail, it may not be appropriate to make an award.

*Id.* at 373–74 (citation omitted); *see also Harris Market Research v. Marshall Mktg. and Communications, Inc.*, 948 F.2d 1518, 1527 (10th Cir. 1991); *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985). *But see Wolff & Munier, Inc. v. Whiting–Turner Contracting Co.*, 946 F.2d 1003 (2d Cir.1991) (finding that, when both parties breach the contract and one obtained damages, neither party was entitled to attorney fees).

Because the trial court found that Aurora breached both the construction agreement and the settlement agreement, we need not consider the net judgment rule in greater detail at this time.

"[W]here a party prevails on the disputed main issue [in a case], even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." The trial court is required to first identify the principle [sic] issues raised by the pleadings and proof in a particular case, and then determine, on balance, which party prevailed on the issues.

Applying the foregoing test to the instant case, we note that there were two principal issues raised by the pleadings and proof at trial: (1) whether Defendant failed to perform under the master lease agreement with MFD; and (2) whether [the plaintiff's managing agent's actions] excused Defendant from performing his obligations under the master lease. It is clear from the jury's special verdict and the trial court's judgment that Plaintiffs prevailed on both issues.

*MFD Partners*, 850 P.2d at 716 (quoting *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 575 P.2d 869, 879 (1978)). Accordingly, the court held that, for purposes of determining entitlement to attorney fees and costs under the lease, the landlord was the "successful party" in the suit for back rent since the landlord had prevailed on the principal issues at trial. The tenant was therefore not entitled to attorney fees and costs.

Further, in *De Witt v. Liberty Leasing Co. of Alaska*, 499 P.2d 599 (Alaska 1972), a building owner brought suit against the contractor for an allegedly defective and incomplete performance of a construction contract. The contractor counterclaimed for the final payment due under the contract and for compensation for certain extra work. The superior court rendered judgment for the con-

tractor and against the owner but determined that, since neither party prevailed in the lawsuit, neither party should be entitled to costs or attorney fees. In *De Witt*, the Supreme Court of Alaska reviewed its earlier decision in *Buza v. Columbia Lumber Co.*, 395 P.2d 511 (Alaska 1964), where the court enunciated the standard for determining who is a prevailing party:

> "[I]t has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered."

*De Witt*, 499 P.2d at 601 (quoting *Buza*, 395 P.2d at 514).

The Supreme Court of Alaska, in applying this standard, held that the contractor was the prevailing party since it received a judgment against the building owner on the claim for final payment due under the construction contract and for compensation for extra work even though a small offset was provided. *Id.* at 601.

In light of the approaches taken by other jurisdictions in determining who is the prevailing party, we now hold that, where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees.[12] Accordingly, Spencer Contractor was the prevailing party under this standard as Spencer Contractor successfully litigated this action and the jury's verdict was entered in its favor.[13]

---

**12.** The court of appeals' decision in *Roa v. Miller*, 784 P.2d 826 (Colo.App.1989), is consistent with our holding. The court of appeals considered at what stage in a trial attorney fees should be calculated. In making this determination, the court stated that, where *"an award of attorney fees is authorized by statute or by contract, if the award is dependent upon the achievement of a successful result in the litigation in which they are to be awarded and the fees are for services rendered in connection with that litigation,* a determination of the propriety of an award of fees need not be made until that litigation is complet-

ed and the result is known." *Id.* at 829 (emphasis added). The highlighted section of this statement expresses that a party is entitled to an award of attorney fees contingent upon the achievement of a successful result in the litigation. The statement also implicitly suggests that the party who has achieved a successful result in the litigation is the prevailing party entitled to attorney fees.

**13.** Spencer Contractor obtained (1) a judicial determination that the settlement agreement applies to all of Aurora's dealings with Spencer

Our holding is further supported by the plain language of the settlement agreement as negotiated by the parties, the parties' stipulation regarding attorney fees, contract principles, and the jury instructions regarding liability and damages. The settlement agreement provides that, "[i]n any action concerning enforcement of this Agreement, the prevailing party shall recover all costs and reasonable attorneys' fees." [14] Spencer Contractor prevailed in "enforcing" the settlement agreement because the jury expressly found that Aurora had breached both the construction contract and the settlement agreement, and entered judgment against Aurora. Accordingly, Spencer Contractor is entitled to attorney fees.

Further, the parties' stipulation regarding attorney fees stated in part:

Spencer's Second Claim for Relief against Aurora in this action is for breach of the Settlement Agreement. Accordingly, Spencer has requested an award of attorneys' fees, in addition to any damages it is awarded, if it is the prevailing party on its Second Claim for Relief.

The stipulation conditioned attorney fees on the jury's verdict regarding Spencer Contractor's claim for breach of the settlement agreement. The jury's verdict encompassed a determination that Aurora's conduct on the Alameda Parkway Project constituted a breach of the settlement agreement. This determination impacted the legal relationship between the parties and effectively severed that relationship.

Keeping basic contract principles in mind, it unjustly enriches the breaching party where the non-breaching party is required to pay the attorney fees of the breaching party. *Farnsworth on Contracts* §§ 12.8, 12.18, vol. III (1990 & 1994 Supp.). "As a matter of pure contract law it is generally true that if two individuals enter into a contract and one

breaches, the breaching party cannot obtain a recovery from the innocent party." *United States for the Use of Palmer Constr., Inc. v. Cal State Elec., Inc.*, 940 F.2d 1260, 1261 (9th Cir.1991) (reversing the trial court's award of damages and attorney fees to contractor since he was the breaching party). From a practical standpoint, because the trial court's award of attorney fees is inconsistent, in order to arrive at a just result, we must reconcile the present contradiction.

The jury found that Aurora breached both the construction contract and the settlement agreement. The jury concluded that Spencer incurred damages in the amount of $57,-000 under the construction contract in which the breach of the settlement agreement gave rise to the breach of the construction contract. We conclude that it would be an unjust result to uphold an award of attorney fees to Aurora where Spencer Contractor, the innocent party, was required to pay attorney fees to the breaching party.

An absurd conclusion would otherwise result if Aurora prevailed on attorney fees, since Aurora did not prevail on any legal issues and the jury specifically entered a verdict against Aurora on both of the breaches. The fact that Aurora was not required to pay damages attributable to its breach does not constitute a favorable verdict or convert Aurora into a prevailing party. Therefore the jury's verdict regarding liability on the breach of contract claims, and not the jury's attribution of damages, controlled the issue of attorney fees.

Finally, the trial court's instructions regarding liability and damages lend further support for our holding. The trial court instructed the jury as follows:

**JURY INSTRUCTION NO. 40**

The plaintiff, Dennis I. Spencer Contractor, Inc., has sued for some of the same damages and losses on two different claims

---

Contractor, and not merely Aurora's treatment of bids submitted by Spencer Contractor; and (2) a recovery of some of the damages it sought in this litigation.

**14.** The purpose of a contractual attorney fee-shifting provision in a settlement agreement is to deter parties from breaching the contractual agreement. To deny attorney fees to the non-

breaching party merely because the jury determines that the party suffered no injury would render meaningless the fee-shifting provision in the settlement agreement to which the parties stipulated, and which the parties intended to enforce. Such a result would encourage parties to breach contractual agreements and would cause unwarranted litigation.

for relief. The claims for relief on which Spencer has sued and on which you have been instructed are: breach of the Alameda Parkway construction contract and breach of a Settlement Agreement.

If you find for Spencer on more than one claim for relief, you may award it damages only once for the same damages or losses.

### JURY INSTRUCTION NO. 41

You are instructed to answer the following questions which will be on a form for Special Verdict:

1. Did the defendant, the City of Aurora, breach the contract for the Alameda Parkway construction project either by failing to issue change orders granting appropriate additional time and compensation for materially differing site conditions, or by failing to exercise good faith in the performance of its duties under the contract, or both?

2. Did the defendant, the City of Aurora, breach the Settlement Agreement?

3. Did the plaintiff, Dennis I. Spencer Contractor, Inc. incur damages as a result of the defendant, the City of Aurora's breach of the contract for the Alameda Parkway construction project?

4. Did the plaintiff, Dennis I. Spencer Contractor, Inc. incur damages as a result of the defendant, the City of Aurora's breach of the Settlement Agreement?

5. State the total amount of actual damages, if any, incurred by the plaintiff, Dennis I. Spencer Contractor, Inc., and caused by the conduct of the defendant, the City of Aurora in breaching the Alameda Parkway construction contract, the Settlement Agreement, or both.

Spencer Contractor objected to the special verdict form and Jury Instruction No. 41, claiming that both were inconsistent with Spencer Contractor's damages theory. Spencer Contractor maintained that damages could not be apportioned between the breach of the settlement agreement and the breach of the construction contract since the same conduct by Aurora constituted a breach of both agreements.[15] Spencer Contractor argued to the trial court that

> [t]hroughout this case Spencer's taken the position that the damages it incurred were caused by actions which ... constituted a breach of both the settlement agreement and a breach of the Alameda Parkway construction contract, forcing the jury to separate—to answer separate questions about the damages Spencer incurred ...[.] [F]orcing the jury to attribute damages to separate breaches may confuse the jury, may result in the jurors feeling that they need to apportion the damages which Spencer believes were caused by breaches of both agreements and cannot be distinguished, and may severely prejudice Spencer's right to be the forgiven parties [sic] on its claim for breach of the settlement agreement.
>
> ....
>
> ... [W]e object to the special verdict form for the same reasons that we object[ ] to Instruction 41....

The jury was instructed under Instruction No. 40 that it could award damages only once for the same losses. The jury adhered to this instruction and was therefore prohibited in Instruction No. 41 from awarding damages on both contracts since Aurora's conduct in breaching the settlement agreement gave rise to the breach of the construction contract.[16] Therefore, the special verdict for damages in the breach of the construction contract implicitly includes damages attributable to the breach of the settlement agreement.

### III.

We reverse the court of appeals' decision and remand to the court of appeals with

---

**15.** Spencer Contractor's main argument is that Spencer Contractor received disparate treatment on the Alameda Parkway Project which constituted a violation by Aurora of the settlement agreement as well as a violation of the underlying construction agreement.

**16.** Aurora argues that, when a party seeks monetary damages and it is determined that only a

technical harmless breach occurred, then it is not the prevailing party. Contrary to Aurora's contention, the jury did not rule that the breach of the settlement agreement constituted a harmless technical breach. Rather, the jury found that Aurora breached the settlement agreement, and did not award damages given the instructions provided.

directions to remand this matter to the trial court for a determination of the reasonable attorney fees to which Spencer Contractor is entitled as the prevailing party. We further direct the trial court to consider whether attorney fees should be awarded for bringing this appeal.[17]

Chief Justice ROVIRA dissents.

Chief Justice ROVIRA, dissenting.

The majority holds that where a claim exists for a contractual violation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of attorney fees. Maj. op. at 327. In so holding the majority reversed the court of appeals ruling that Spencer Contractor was not a prevailing party because the jury failed to award Spencer Contractor damages for Aurora's breach of the parties' settlement agreement.

The majority's holding is based on the assumption that in every lawsuit there must be a prevailing party who would be entitled to attorney fees. Because I believe a prevailing party cannot be identified in every lawsuit I respectfully dissent. The rule adopted by the majority obligates courts to award attorney fees based solely on liability without consideration of the damages flowing from the breach. This rule fails to consider defendants who successfully defend against damage claims. I believe a more sensible approach would be to require a plaintiff seeking damages to establish both breach and be awarded actual damages in order to be considered a prevailing party for attorney fee purposes. Under this view neither Aurora nor Spencer Contractor prevailed.[1]

**I**

**A**

The majority adopts a rule that defines prevailing party based upon a finding of liability alone and explains that this view reflects the majority approach, maj. op. at 331, relying on *MFD Partners v. Murphy,* 9 Haw. App. 850 P.2d 713 (1992) and the cases cited therein for this conclusion. Upon close examination of decisions that define prevailing party I am convinced a majority view cannot be readily identified.

In *MFD* the court considered a landlord's claims that a tenant breached its lease contract. The court explained it must determine whether either party prevailed on a "disputed main issue" and engaged in a qualitative review of the landlord's claims. Only after examining the two principal issues raised in the pleadings did the court decide the landlord prevailed because the jury rendered a favorable verdict. Here, the majority summarily concluded the disputed main issue was breach of contract. I believe, however, that when a plaintiff seeks damages alone no more important issue exists than whether injury occurred and damages were awarded.

*Miles v. F.E.R.M. Enterprises Inc.,* 29 Wash.App. 61, 627 P.2d 564 (1981), also cited by the majority, does not support its position because *Miles* involved a claim of racial discrimination based upon unfair housing practices. The *Miles* court explained that racially motivated discrimination established a wrong notwithstanding the award of only nominal damages. *Id.* at 568. As the majority has rejected the civil rights analysis to determine a prevailing party *Miles* provides little guidance.[2]

*Atlantic Richfield Co. v. Long Trusts,* 860 S.W.2d 439, 450 (Tex.App.—Texarkana 1993),

---

**17.** Both parties seek attorney fees on appeal.

**1.** I agree with the majority decision to reverse the award of attorney fees to Aurora because Aurora breached its contract. This ruling is not inconsistent with the conclusion that Spencer was not a prevailing party, nor is it inconsistent with the rule I propose.

**2.** See maj. op. at 330 n. 10 and accompanying text. I agree the award of attorney fees for civil rights cases implicates civil rights policies not

present in contractual agreements to shift attorney fees. While not directly applicable here the recent Supreme Court decision in *Farrar v. Hobby,* — U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) is instructive on the policy of discouraging nonmeritorious claims. In *Farrar* the Court concluded that even though a plaintiff who receives only nominal damages can be considered a prevailing party, a technical victory may be so insignificant as to be insufficient to support "prevailing party" status. *Id.* at ——, 113 S.Ct. at 574.

also relied upon by the majority, involved an interpretation of the Texas recovery of attorney's fees statute.[3] Though the court explained that a finding of zero damages does not preclude the award of attorney fees, the Texas rule is unsettled. A different appeals district interpreting the same statute has held a party must satisfy two requirements to obtain an award of attorney fees: first, the party must prevail on the cause of action for which attorney fees are recoverable, and second, the party must recover damages. *Rodgers v. RAB Investments, Ltd.*, 816 S.W.2d 543 (Tex.App.—Dallas 1991); *see also Cook v. Layne Texas Co.*, 495 S.W.2d 377 (Tex.Civ.App.—Waco 1973) (where no recovery was awarded plaintiff no attorney fees were authorized). Thus, *Atlantic Richfield* provides little assistance in interpreting the Texas statute.[4]

The majority also relies on *I.A. Schafer v. Southern Railway Co.*, 266 N.C. 285, 145 S.E.2d 887 (1966). In this trespass case the court held that a verdict of nominal damages would carry with it liability for costs. Costs, not attorney fees were disputed. Further, the court failed to cite any authority for this proposition.

I find no support for the rule that liability *alone* determines a prevailing party in

*Brown v. Richards*, 840 P.2d 143 (Utah App. 1992). In *Brown* the court was called upon to decide whether a party prevailed when awarded less than the full amount of damages requested. The court explained a party prevails when the court renders an affirmative judgment, "even if the amount is *less* than originally sought." *Id.* at 155. (emphasis supplied). While the court discussed the importance of culpability in deciding who prevails, it did not state that liability is the sole determinant of who prevails.[5]

Finally, both *Three–Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993 (5th Cir.1976) and *Buza v. Columbia Lumber Co.*, 395 P.2d 511 (Alaska 1964) deal with who prevails for the award of costs under the rules of civil procedure.[6] I am not convinced however that the prevailing party for costs under the rules of civil procedure provide adequate guidance to decide the prevailing party in attorney fee cases. Costs do not ordinarily include attorney fees. *E.g., In re Marriage of Wright*, 841 P.2d 358 (Colo.App.1992). Further, trial courts have great discretion in awarding costs to a prevailing party. *See* 6 J. Moore, *Federal Practice Manual* ¶ 54.70 (2d ed. 1994). While parties sometimes are ordered to bear their own litigation costs,[7] under the majority view a prevailing party

3. Tex. [Civil Practice & Remedies] Code Ann. § 38.001 (West 1986) provides in pertinent part:

    A person may recover reasonable attorney's fees from an individual or a corporation, in addition to the amount of a valid claim and costs, if the claim is for: ... (8) an oral or written contract. (emphasis supplied).

4. Nevada courts interpreting a similar attorney fee statute make the award of a money judgement a prerequisite for any fee award. Nev.Rev. Stat.Ann. § 18.010 (Michie 1986); e.g., *National Union Fire Ins. Co. v. Pratt & Whitney Can., Inc.*, 107 Nev. 535, 815 P.2d 601 (1991) (money judgment a prerequisite to an award of attorney fees).

5. I agree that a plaintiff seeking damages need not recover the entire amount sought. Under the rule I propose a plaintiff must be awarded actual damages of more than one dollar. This formulation accommodates Colorado law. We have long held that in a suit for breach of contract a defendant's breach itself entitles the plaintiff to nominal damages. *Hoehne Ditch Co. v. John Flood Ditch Co.*, 76 Colo. 500, 233 P. 167 (1925). This rule is reflected in CJI–Civ.2d 30:35 which

provides "2. If you find in favor of the plaintiff, but do not find any actual damages, you shall nonetheless award (him) (her) nominal damages in the sum of one dollar." By law, nominal damages are one dollar. *See e.g., Overland Dev. Co. v. Marston Slopes Dev. Co.*, 773 P.2d 1112 (Colo.App.1989). Requiring an award of actual damages in any amount over one dollar ensures the defendant did not successfully defend against the claim, and avoids any qualitative examination of the actual damages awarded.

6. In MFD the court also heavily relies on authority addressing who prevails for cost purposes to decide who prevails for attorney fee purposes.

7. See *Farrar v. Hobby*, —— U.S. at ——, 113 S.Ct. at 577–78 (O'Connor, J., concurring) ("Circumstances justifying denial of costs to the prevailing party [exist] where the judgment recovered was insignificant in comparison to the amount actually sought, ... [and] [j]ust as a pyrrhic victor would be denied costs under Rule 54(d), so too should it be denied fees under § 1988.") (internal quotations and citations omitted).

for attorney fees will always be recognized.[8] Additionally, the plain language of our cost statutes supports a rule that requires plaintiffs to recover damages before receiving an award of attorney fees. Section 13–16–104, 6A C.R.S. (1987 Repl.Vol.) provides that when a plaintiff "recovers any *debt or damages* in such [civil] action, then the plaintiff or demandant shall have judgment to recover against the defendant his costs to be taxed." (emphasis supplied). Conversely, section 13–16–105 provides that when "a verdict is passed against [the plaintiff], then the defendant shall have judgment to recover his costs against the plaintiff...."[9]

Basing prevailing party status on breach and recovery of damages also finds support in case law. *See Malagon v. Solari*, 566 So.2d 352, 353 (Fla.App. 4 1990) ("It is well settled that a plaintiff is considered the prevailing party if he recovers less than he sued for, *so long as he recovered something* " applying a quasi-civil rights analysis.); *see also Militana v. Ladd*, 605 So.2d 580 (Fla.App. 1992) (defendants in a negligence action were "parties recovering judgment" where the jury awarded nothing to the plaintiffs even though defendants admitted to liability); *cf. Bachovchin v. Stingley*, 504 N.W.2d 288 (Minn.App.1993) (interpreting Minnesota consumer protection statute that awards attorney fees to an injured party, concluding one is not injured unless damages are shown).

### B

As no clear majority view regarding the definition of a prevailing party for attorney fee purposes exists, I would adopt a rule that requires a plaintiff who seeks attorney fees as a prevailing party to establish both a breach and an award of actual damages.

Initially, I recognize contracting parties remain free to define a prevailing party. *See Magnetic Copy Serv. v. Seismic Specialists, Inc.*, 805 P.2d 1161, 1163 (Colo.App.1990) ("an unambiguous agreement must be enforced according to its express terms"). Because no definition is provided in this case the policies promoted by fee shifting provisions are significant. Both Aurora and Spencer Contractor agree that fee shifting provisions encourage compliance with contracts and discourage unfounded lawsuits. *See also Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 940 (Colo.1993) (fee shifting agreements serve to "discourage non-meritorious contract disputes and to encourage settlement"); *Hartman v. Freedman*, 197 Colo. 275, 280, 591 P.2d 1318, 1322 (1979) (statutory fee shifting in employment law serves two purposes; to indemnify the employee against the necessity of paying an attorney's fee when he is successful and to protect the employer against nuisance litigation).[10]

Common sense suggests that a plaintiff seeking damages does not prevail when no damages are awarded. Indeed, the district court and the court of appeals applied this rationale in awarding the City of Aurora attorney fees. A plaintiff's inability to prevail on the damage issue does not, however, automatically convert the defendant into a

8. The majority correctly points out that there can be but one prevailing party on any liability claim, maj. op. at 13, but prevailing on liability should not automatically translate to prevailing for attorney fee purposes. While an argument exists that the trial court could, in equity, reduce the amount of attorney fees awarded when the plaintiff achieves only limited success, I believe requiring trial courts to consider fees when clearly no party prevailed only prolongs litigation and further burdens the trial court. Making the threshold requirement that a plaintiff seeking damages prevail only when awarded actual damages provides a more equitable resolution.

9. See *also W.H. Woolley & Co. v. Bear Creek Manors*, 735 P.2d 910 (Colo.App.1986) (when several claims are asserted and both parties prevail the award or allocation of costs is solely in the discretion of the trial court. (citing §§ 13–16–108 to –109, 6A C.R.S. (1987 Repl.Vol.)).

10. The majority correctly addresses one of the policies underlying contractual fee shifting agreements, to encourage compliance with a contract, maj. op. at 333 n. 14. Because the recovery of any amount over one dollar would entitle a prevailing plaintiff to attorney fees, I believe requiring recovery adequately encourages compliance. I remain concerned with the majority's failure to consider the coexistent policy of discouraging nonmeritorious actions. Under the majority view a contracting party could use any breach, however insignificant, to bring an action and ensure the award of attorney fees. I do not believe contracting parties intend for a breach that causes no injury to be used to coerce, or as a basis for needless litigation.

prevailing party. As the majority points out, it would be unjust to award attorney fees to a defendant found liable for breach. Maj. op. at 333; *see also Nouri v. Wester & Co.*, 833 P.2d 848 (Colo.App.1992).

When claims against a defendant are dismissed, however, the defendant achieves two significant results—one with respect to liability and one with respect to damages. Thus, a prevailing defendant can show he was forced to defend against an unfounded claim, promoting the policy of deterring baseless suits. Similarly, a plaintiff who seeks and receives damages achieves two significant results—one with respect to liability and one with respect to damages.[11] A plaintiff who proves liability alone, absent an award of actual damages, has not prevailed with respect to the desired outcome and, I believe, should not be a prevailing party for attorney fee purposes.[12] I would therefore affirm the court of appeals ruling that Spencer Contractor was not the prevailing party, and consistent with the majority, reverse the court of appeals' ruling that Aurora was a prevailing party. Here, no party prevailed.

## II

The plain language of the settlement agreement, the parties' stipulation regarding attorney fees, contract principles [13] and disputed jury verdict forms do not compel a different result.

The majority contends that Spencer Contractor prevailed in "enforcing" the settlement agreement because the jury expressly found that Aurora had breached the agreement. Maj. op. at 332. This argument suffers the same frailties as the majority's definition of prevailing party. The parties do not define "enforcement." Black's law dictionary defines enforcement as "putting something such as law into effect; ... the carrying out of a mandate or command." *Black's Law Dictionary* 528 (6th ed. 1990). Here, the jury issued no command with respect to the settlement agreement. Spencer Contractor did not seek enforcement of the agreement through declaratory or injunctive relief. Instead, Spencer Contractor sought to enforce the agreement by seeking damages for its breach, but received none. I am not convinced that Spencer Contractor enforced the settlement agreement solely because the jury found the agreement had been breached.

I also disagree with the majority's conclusion that the jury instructions support the decision that Spencer Contractor prevailed. Maj. op. at 333–334. The form of jury instructions given at trial is within the discretion of the trial court. *Armentrout v. FMC Corp.*, 842 P.2d 175, 186 (Colo.1992). To decide whether instructional error requires reversal, the jury instructions must be considered together to determine whether they adequately informed the jury of the law applicable to the case. *Id.* Spencer Contractor argues that the jury verdict forms precluded the jury from awarding damages on both contracts. As the court of appeals correctly pointed out, the jury verdict form "did not as Spencer contends, suggest that the jury should apportion the damages resulting from each breach; instead, the verdict form merely required the jury to determine whether *any* damages were incurred." Op. at 338. Further, the instruction stating that

11. This rule does not address every combination of claims a plaintiff may bring when an action involves more than a prayer for damages. Every combination need not be decided today, as Spencer requested only damages. Although Spencer attempts to recast its complaint as one that in effect seeks only declaratory or injunctive relief, these matters were never plead and never decided by the trial court. I only suggest that a plaintiff who requests damages alone does not prevail when none are received.

12. The court of appeals holding in *Roa v. Miller*, 784 P.2d 826 (Colo.App.1989), is consistent with a decision not to award attorney fees in this case. Maj. op. at 332 n. 12. While the majority infers *successful result* means success regarding liability, *Roa* does not define a successful result. A successful result could be defined as being awarded damages or successfully defending against a damage claim.

13. I agree with the majority's conclusion that basic contract principals support the denial of attorney fees to Aurora. Maj. op. at 332–333.

"you may award damages only once for the same damages or losses" does not make the instructions when read together erroneous.[14] Much of the dispute over the jury instructions results from the parties' stipulation prior to trial that the party who prevails on the settlement agreement would be the party entitled to attorney fees. Each party now asserts that it prevailed; Spencer Contractor because of the verdict that Aurora breached the agreement, and Aurora because it avoided paying damages. The following language of the stipulation implies that for Spencer Contractor to prevail an award of damages would be appropriate:

> 2. Spencer's Second Claim for Relief against Aurora in this action is for breach of the Settlement Agreement. Accordingly, Spencer has requested an award of attorneys' fees, *in addition to any damages it is awarded*, if it is the prevailing party on its Second Claim for Relief. (emphasis supplied).

I agree with the court of appeals that the parties cannot now complain that the settlement agreement was used as a standard to decide the prevailing party. Slip op. at 3. Accordingly, I would remand this case to the district court to award costs as appropriate and to dismiss both party's motions for attorney fees.

---

**14.** Jury instruction no. 40 provided as follows:
The plaintiff, Dennis I. Spencer Contractor, Inc., has sued for some of the same damages and losses on two different claims for relief. The claims for relief on which Spencer has sued and on which you have been instructed are: breach of the Alameda Parkway construction contract and breach of a Settlement Agreement. If you find for Spencer on more than one claim for relief, you may award it damages only once for the same damages or losses. (emphasis supplied).