**John J. EICHHORN and Jeffrey M. Eichhorn, Plaintiffs–Appellees,**

v.

**Georgia KELLEY and Walter Keith, Defendants–Appellants.**

**No. 01CA1804.**

Colorado Court of Appeals, Div. I.

Aug. 15, 2002.

Wilderson, O'Hayre, Dawson, McGinty & Frazier, P.C., Rufus O. Wilderson, Gunnison, Colorado, for Plaintiffs–Appellees.

J. Albert Bauer, P.C., J. Albert Bauer, Amy L. O'Donnell, Breckenridge, Colorado, for Defendants–Appellants.

Opinion by Judge WEBB.

In this ongoing dispute over real property rights, defendants, Georgia Kelley and Walter Keith, appeal the trial court's order determining that attorney fees cannot be awarded based on an earlier contempt finding against plaintiffs, John J. Eichhorn and Jeffrey M. Eichhorn (fee order). We affirm the order.

Plaintiffs own a ranch in Gunnison County (Eichhorn property), which they acquired subject to a hunting easement and a right of ingress and egress for the benefit of an adjacent parcel (Kelley property). Defendants own the Kelley property together with the hunting easement and right of ingress and egress.

Disputes arose between the parties concerning the nature and scope of their respective hunting and other rights on the Eichhorn property. Plaintiffs sued defendants alleging claims for trespass and seeking declaratory and injunctive relief. Defendants counterclaimed alleging tortious interference with contractual relationships and sought quantum meruit reimbursement and declaratory and injunctive relief. The trial court issued several orders to resolve the dispute.

Defendants moved for an order to show cause why plaintiffs should not be held in contempt of the trial court's orders. Following a hearing, the trial court found Jeffrey Eichhorn in contempt for violating an order that prohibited hunting parties in excess of four people and found John Eichhorn in contempt for violation of another order based on his clear cutting of 200 to 350 acres on the property (contempt order). In addition to fining both plaintiffs and sentencing them to jail, the trial court ordered that "[d]efendants shall be entitled to recover two-thirds of their attorneys' fees incurred in these contempt proceedings," to be determined in further proceedings. Plaintiffs appealed the contempt order.

In *Eichhorn v. Kelley*, 2002 WL 1832838 (Colo.App. No. 01CA0922, Apr. 4, 2002)(not published pursuant to C.A.R. 35(f))(*Eichhorn I*), the division vacated the finding of indirect contempt and imposition of punitive sanctions against Jeffrey Eichhorn. As to John Eichhorn, the division affirmed the finding of indirect contempt, but vacated the imposition of punitive sanctions and remanded for reconsideration of those sanctions. The division also held that, because "the trial

court erred in imposing punitive sanctions here, the award of attorney fees as part of a punitive sanction also must be vacated," but declined to "address plaintiffs' contention that the fees award itself was improper."

Prior to the announcement of *Eichhorn I,* the trial court had, in the fee order, modified the contempt order by ruling that attorney fees could not be awarded as punitive sanctions in a contempt proceeding. However, *Eichhorn I* did not consider the fee order, which is the sole focus of this appeal.

## I.

As a threshold issue, we address plaintiffs' argument that vacation of the contempt order in *Eichhorn I* renders this appeal moot. We disagree.

Only a portion of the contempt order was vacated. Given the remand instructions as to further proceedings concerning John Eichhorn, attorney fees could still be an issue on remand. Accordingly, this appeal is not moot, *see Davidson v. Comm. for Gail Schoettler, Inc.,* 24 P.3d 621 (Colo.2001), and we address the merits of defendants' appeal. *See In re Interest of A.M.D.,* — P.3d —, 2002 WL 538853 (Colo.App. No. 00CA1857, Apr. 11, 2002).

## II.

Defendants first contend both punitive and remedial sanctions were imposed in the contempt order, and therefore the trial court erred in denying attorney fees based on an inaccurate characterization of the sanctions as solely punitive. We do not agree.

In *Eichhorn I,* the division concluded that the sanctions were "purely punitive in nature." We treat this conclusion as the law of the case, to which we adhere. *See Rodgers v. Colo. Dep't of Human Servs.,* 39 P.3d 1232 (Colo.App.2001).

## III.

Defendants next contend the trial court erred in finding that attorney fees could not be awarded as a punitive sanction in a contempt proceeding. We are not persuaded.

C.R.C.P. 107(d) was substantially revised in 1995. The prior version provided for imposition of "reasonable attorney's fees in connection with the contempt proceedings," but did not specifically distinguish between remedial sanctions and punitive sanctions concerning fees. As revised, C.R.C.P. 107(d) now consists of two subsections, "(1) Punitive Sanctions" and "(2) Remedial Sanctions," which treat fees differently.

In an indirect contempt proceeding involving "Punitive Sanctions," the court "may impose a fine or imprisonment or both." C.R.C.P. 107(d)(1); *In re Marriage of Nussbeck,* 974 P.2d 493, 499 (Colo.1999). This section of the rule does not provide for an award of attorney fees. However, in an indirect contempt proceeding "Remedial Sanctions" under C.R.C.P. 107(d)(2) may include assessment of "[c]osts and reasonable attorney's fees in connection with the contempt proceeding" in the discretion of the court, provided that the nature of the sanction has been disclosed in the motion or citation. *See Securities Inv. Protection Corp. v. First Entertainment Holding Corp.,* 36 P.3d 175 (Colo.App.2001); *Levin v. Anouna,* 990 P.2d 1136 (Colo.App.1999).

The inclusion of certain items implies the exclusion of others. *Beeghly v. Mack,* 20 P.3d 610 (Colo.2001)(where the legislature specifically included a default provision in one statute, but did not include such a provision in another, the default provision could not be read into the latter statute). Based on this rule of interpretation, we conclude that because C.R.C.P. 107(d)(2) specifically allows an award of attorney fees as a remedial sanction, and C.R.C.P. 107(d)(1) has no comparable provision for a punitive sanction, the latter provision must be construed to exclude an award of attorney fees as a punitive sanction.

The inherent differences between these two types of contempt also support this interpretation.

A remedial sanction for contempt exists primarily to enforce obedience to a trial court's order. C.R.C.P. 107(a)(5). Therefore, any payments under a remedial sanction order should reimburse the person injured by the contemnor's disobedience. *In re Marriage of Nussbeck, supra.*

In contrast, a punitive sanction for contempt vindicates the authority and dignity of the court. C.R.C.P. 107(a)(4). It does not primarily benefit the interests of a party; instead, it punishes the offending party for conduct offensive to the court. Thus, a proceeding for punitive sanctions "is a matter between the court and the offending party." *In re Marriage of Nussbeck, supra*, 974 P.2d at 499. *But see In re Boyer*, 988 P.2d 625 (Colo.1999)(court declined to say that restitution is never permissible in a punitive contempt proceeding).

Accordingly, if, on remand pursuant to *Eichhorn I*, the trial court imposes punitive sanctions against John Eichhorn, those sanctions may not include attorney fees payable to defendants.

## IV.

Finally, defendants contend that the trial court erred in finding only a portion of the amount included in their fee application should be chargeable to plaintiffs. Given our conclusion that attorney fees cannot be assessed on remand, the issue of apportionment is moot. *See Davidson v. Comm. for Gail Schoettler, Inc., supra.*

The order is affirmed.

Judge METZGER and Judge CASEBOLT concur.