**In re the MARRIAGE OF Veronica SANCHEZ–VIGIL, f/k/a Veronica Rael, Appellant,**

**and**

**Eril T. Rael, Appellee.**

**No. 05CA0535.**

Colorado Court of Appeals, Div. II.

Nov. 16, 2006.

Jim D. Rogers, Golden, Colorado, for Appellant.

No Appearance for Appellee.

Opinion by Judge ROTHENBERG.

In this post-dissolution of marriage proceeding, Veronica Sanchez–Vigil (wife) appeals the order denying her request for attorney fees and costs following the sentencing of her former husband, Eril T. Rael (husband), to jail for contempt of court. The issue on appeal is whether a party who successfully seeks punitive sanctions against another in a criminal contempt proceeding is entitled to attorney fees under a contractual provision for such fees. Because we conclude attorney fees should be awarded under such circumstances, we reverse the order of the trial court and remand with directions.

In 2000, the marriage of husband and wife was dissolved, and they entered into a separation agreement (the Agreement) that was incorporated into the decree of dissolution and entered as a permanent order of the court. The Agreement provides, as relevant here:

PREVAILING PARTY AWARDED FEES AND COSTS IN CASE OF DISPUTE: In the event that either party must petition the court for resolution of any dispute arising hereunder, the prevailing party shall be entitled to recover from the other party his or her expenses and

costs ... including reasonable attorney fees.

In March 2004, wife filed a verified motion and affidavit for citation for criminal contempt of court. She requested that husband be required to pay her attorney fees and costs incurred based on her efforts to enforce compliance with the court's orders, in accordance with the fee-shifting provision in the Agreement. The court ordered the clerk to issue a citation to husband requiring him to show cause why "sanctions and/or imprisonment" should not be imposed on him for his failure to comply with the court's orders relating to child support.

In October 2004, following a hearing, the trial court found husband in criminal contempt of court, and in November, the court sentenced him to jail for punitive contempt. However, the court denied wife's request for attorney fees and her later motion for reconsideration.

Relying on *Eichhorn v. Kelley*, 56 P.3d 124 (Colo.App.2002), the trial court concluded as a matter of law that wife was not entitled to attorney fees because she did not benefit from the court's ruling finding husband in punitive contempt. The court cited *In re Marriage of Nussbeck*, 974 P.2d 493 (Colo. 1999), and *In re Marriage of Watters*, 782 P.2d 1220 (Colo.App.1989), for the proposition that a punitive contempt order is intended to vindicate and uphold the dignity of the court and not to benefit the interests of third parties.

■ Wife contends the trial court erred in denying her request for attorney fees under the Agreement. We agree.

Colorado follows the traditional American Rule that parties in a lawsuit are required to bear their own legal expenses unless attorney fees may be awarded under a statute, a court rule, or an express contractual provision. *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285 (Colo.1996).

■ Fee-shifting provisions in contracts are designed to override the general rule that the losing party does not have to pay the winner's attorney fees. These provisions contemplate that the "prevailing party" will be entitled to recover its attorney fees and that there will be one winner and one loser regarding payment of those fees. *Brock v. Weidner*, 93 P.3d 576, 579 (Colo.App.2004); *see Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 503–04 (Colo.App.2003).

Here, wife demanded that husband comply with the terms of the Agreement, and she initiated a contempt proceeding when he refused or failed to do so. The plain language of the Agreement requires an award of attorney fees "[i] n the event that either party must petition the court for resolution of *any dispute arising hereunder*" (emphasis added). The language is clear and unambiguous, and we conclude the broad term "any dispute" includes these circumstances. We reject the trial court's determination that, as a matter of law, attorney fees are not permitted in punitive contempt actions and that wife was not a prevailing party for purposes of attorney fees.

## I.

Sanctions for contempt of court may be punitive or remedial. Punitive sanctions are intended to punish conduct that is found to be "offensive to the authority and dignity of the court." C.R.C.P. 107(a)(4). Remedial sanctions are "imposed to force compliance with a lawful order or to compel performance of an act within the person's power or present ability to perform." C.R.C.P. 107(a)(5).

In *Eichhorn v. Kelley, supra*, a division of this court rejected the defendants' contention that they were entitled to attorney fees, pursuant to C.R.C.P. 107(d), as a punitive sanction in a contempt proceeding. The division reasoned as follows:

In an indirect contempt proceeding involving "Punitive Sanctions," the court "may impose a fine or imprisonment or both." C.R.C.P. 107(d)(1); *In re Marriage of Nussbeck, [supra*, 974 P.2d at 499]. This section of the rule does not provide for an award of attorney fees. However, in an indirect contempt proceeding "Remedial Sanctions" under C.R.C.P. 107(d)(2) may include assessment of "[c]osts and reasonable attorney's fees in connection with the contempt proceeding" in the discretion of the court, provided that the nature of the

sanction has been disclosed in the motion or citation.

The inclusion of certain items implies the exclusion of others. Based on this rule of interpretation, we conclude that because C.R.C.P. 107(d)(2) specifically allows an award of attorney fees as a remedial sanction, and C.R.C.P. 107(d)(1) has no comparable provision for a punitive sanction, the latter provision must be construed to exclude an award of attorney fees as a punitive sanction.

*Eichhorn v. Kelley, supra,* 56 P.3d at 126 (additional citations omitted). Later divisions construing C.R.C.P. 107 have reached the same conclusion. *See In re Lopez,* 109 P.3d 1021 (Colo.App.2004) (citing *Eichhorn* and concluding attorney fees may not be awarded under C.R.C.P. 107); *In re Marriage of Lodeski,* 107 P.3d 1097 (Colo.App. 2004)(same).

■ However, *Eichhorn* and the other cases are distinguishable because none of them involved a request for attorney fees under an agreement that expressly provides for an award of such fees to the prevailing party. We have no quarrel with the holdings of *Eichhorn* and its progeny that C.R.C.P. 107 does not provide for an award of attorney fees in punitive contempt cases. But we conclude that *Eichhorn* does not preclude the trial court from enforcing a valid fee-shifting agreement like the one in this case, and that the trial court erred in ruling otherwise in this case.

The recent decision of *In re Marriage of Ikeler,* 148 P.3d 347 (Colo.App. 2006), is instructive. There, a division of this court vacated an order by the trial court awarding attorney fees to the wife. The parties had entered into a marital agreement providing each party would be responsible for his or her own attorney fees. Nevertheless, the trial court awarded attorney fees to the wife after finding the agreement was unconscionable. On appeal, a division of this court set aside the award of attorney fees, concluding that marital agreements governing the manner in which each party's attorney fees will be paid should be enforced by the trial court.

*Ikeler* did not distinguish between cases where the parties have agreed each party will pay his or her own fees and those where, as here, they have agreed the prevailing party will be awarded attorney fees. Applying the reasoning of the division there, we conclude the agreement in this case is enforceable.

## II.

We further conclude the trial court erred in determining, as a matter of law, that wife was not a "prevailing party" in the contempt action because she did not benefit from the court's ruling finding husband in punitive contempt.

■ The determination of which party succeeded or prevailed under a contractual fee-shifting provision is committed to the discretion of the trial court subject to an abuse of discretion standard of review on appeal. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 328 (Colo.1994). However, an abuse of discretion occurs when the trial court applies an incorrect legal standard. *See Medina v. Conseco Annuity Assurance Co.,* 121 P.3d 345 (Colo.App.2005).

Here, the trial court relied on appellate decisions stating that sanctions in punitive contempt cases are imposed primarily to punish behavior that obstructs the administration of justice and to vindicate the dignity of the court. *See In re Marriage of Nussbeck, supra; In re Marriage of Lodeski, supra; In re Marriage of Watters, supra.*

Again, however, none of these cases involved a separation agreement or a contract providing for the recovery of attorney fees. *Nussbeck* did not even address the issue of attorney fees or discuss who is a "prevailing party" for purposes of attorney fees in a contract case, and *Lodeski,* like *Eichhorn,* only addressed the propriety of an attorney fees award under C.R.C.P. 107.

■ The division in *Watters* upheld an award of attorney fees to a father who had successfully challenged an excessive wage assignment for child support brought by the district attorney. As relevant here, the district attorney contended the trial court's award of attorney fees was unjustified because the father did not prevail on a suffi-

ciently significant issue. The division disagreed and discussed the requirements of a prevailing party for purposes of an award of attorney fees:

> To be a prevailing party for the purpose of an award of attorney fees pursuant to a statute or contract, the applicant must have succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits that he sought in the lawsuit. But a party need not prevail upon the "central" issue, only upon a significant one.

*In re Marriage of Watters, supra,* 782 P.2d at 1221 (citations omitted). As discussed below, we conclude wife achieved some of the benefits she sought.

In *Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra,* the supreme court discussed the approaches taken by other jurisdictions in determining when a party has prevailed and should be awarded attorney fees based upon contractual obligations. The *Spencer* court held that "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees." *Spencer, supra,* 884 P.2d at 332.

■ The court expressly rejected a rule that required prevailing parties to have received damages, observing that "[t]he majority view is that a plaintiff is the prevailing party and entitled to costs where the jury finds for the plaintiff as to liability but determines that the plaintiff has suffered no more than nominal damages." *Spencer, supra,* 884 P.2d at 331 (citing, inter alia, *Atl. Richfield Co. v. Long Trusts,* 860 S.W.2d 439, 450 (Tex.App.1993) ("When a party prevails and establishes a valid claim, the party can be entitled to attorney's fees without achieving a monetary recovery on the claim itself. The jury's finding of zero damages does not preclude the awarding of attorney's fees when the party has prevailed under the terms of the contract."), and *Brown v. Richards,* 840 P.2d 143, 155 (Utah Ct.App.1992) ("It is the determination of culpability, not the amount of damages, that determines who is the prevailing party.") ).

Here, the trial court found that husband was the culpable party because he had willfully failed to comply with the Agreement, which had been incorporated into the permanent orders of the court. And while we agree that the primary reason for imposing a punitive sanction for contempt upon husband was to vindicate the authority and dignity of the court, *see Eichhorn, supra,* 56 P.3d at 127, we need not overlook the reality that there was a significant secondary benefit to wife.

Contempt actions initiated in domestic relations cases are often brought by one spouse (or former spouse) against the other, rather than by a representative of the state or county. And often, as here, the party requesting the contempt citation hires an attorney who initiates and prosecutes the action in court. *See Eichhorn v. Kelley,* 111 P.3d 544, 547 (Colo.App.2004) (*cert. granted* May 16, 2005) (rejecting contentions that attorney for the parties who initiated the contempt proceedings should not have been permitted to prosecute the contempt proceedings and that the district attorney was required to do so).

Generally, the only persons present at the contempt hearing are the petitioner-spouse, the alleged contemnor, their attorneys, and their witnesses, as occurred here, and the main issue is whether the party requesting the sanctions has been aggrieved by the conduct of the alleged contemnor. If, after the evidence is presented, the trial court holds the contemnor in contempt and imposes a punitive sanction, it benefits the party pressing the contempt action because the sanctions imposed provide a strong incentive to the contemnor to comply with the court's orders in the future. *Cf. In re Lopez, supra,* 109 P.3d at 1024 (observing that the party initiating the contempt action was "personally aggrieved by the actions of [the two contemnors] and had an interest in the outcome").

In this case, we conclude that the contempt action wife initiated against husband was a dispute arising under the Agreement, that she was personally aggrieved by his failure to comply with it, that she obviously had an interest in the outcome, and that the court conferred a significant benefit upon her by

enforcing her rights under the Agreement. Accordingly, we conclude the trial court erred in determining as a matter of law that because wife brought an action for punitive contempt, she could not be a "prevailing party" under the terms of the Agreement.

The order is reversed, and the case is remanded with directions to award wife reasonable attorney fees pursuant to the terms of the Agreement.

Judge ROY and Judge HAWTHORNE concur.