19CA0206 & 21CA0296 Charles v Grouse 02-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals Nos. 19CA0206 & 21CA0296
Eagle County District Court No. 13CV30255
Honorable Frederick W. Gannett, Judge
Honorable Russell H. Granger, Judge

---

Wendy St. Charles,

Plaintiff-Appellant,

v.

Grouse Glen at Vail, a/k/a Grouse Glen at Vail Condominium Association, a Colorado non-profit corporation,

Defendant-Appellee.

---

JUDGMENT AFFIRMED, ORDER REVERSED,
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

---

Foster, Graham, Milstein & Calisher, LLP, Chip G. Schoneberger, Denver, Colorado, for Plaintiff-Appellant

Hall & Evans, LLC, Conor P. Boyle, Denver, Colorado, for Defendant-Appellee

¶ 1   In these consolidated appeals[1] arising from a homeowners' association dispute, plaintiff, Wendy St. Charles, appeals the dismissal of her former co-plaintiffs from the lawsuit and the trial court's order awarding attorney fees to defendant, Grouse Glen at Vail Condominium Association (HOA).  We affirm the dismissal, reverse the attorney fees order, and remand the case for further proceedings.

I.   Background

¶ 2   St. Charles and her former co-plaintiffs, Reven and John Wright, own two of the eleven units in Grouse Glen at Vail Condominiums (Grouse Glen), a development in Vail, Colorado, governed by the HOA.  Around 2013, two primary disputes arose between the plaintiffs and the HOA.

¶ 3   The first involved a parking garage assessment.  A parking garage adjacent to the development provides covered parking for some, but not all, of the Grouse Glen unit owners.  Historically, the cost of maintaining and renting space in the parking garage was allocated to the owners based on the size of each owner's unit.  In

_____

[1] St. Charles separately appealed the underlying judgment and the order awarding attorney fees.  The appeals were later consolidated.

1

2013, however, the HOA adopted an amendment providing that the garage assessment would be split equally among the owners despite the fact that four new parking spaces would be dedicated to certain units.

¶ 4　　The second dispute involved a construction project at the development. The HOA planned to replace the roof on the building in which the co-plaintiffs' units were located. St. Charles and the Wrights preferred one type of shingle, but the HOA adopted a roofing plan approving a different kind of shingle.

¶ 5　　The Wrights and St. Charles filed a complaint, which they later amended, asserting a twenty-five-part claim for declaratory and injunctive relief, as well as claims for breach of fiduciary duty and intentional infliction of emotional distress.

¶ 6　　Some of the claims were resolved before trial — mostly, but not entirely, in the HOA's favor. Other claims, including the intentional infliction of emotional distress claim, were voluntarily dismissed.

¶ 7　　Meanwhile, the Wrights settled their claims against the HOA, and the court dismissed them from the lawsuit, leaving St. Charles as the sole plaintiff. She proceeded to a bench trial in 2017.

¶ 8     The court resolved three claims at the trial.  In a thorough, written order, it partially granted one of St. Charles' claims for declaratory relief, requiring the HOA to permanently adopt a plan making the four new parking spaces available to all unit owners. But it denied her claim related to three pre-existing parking spaces as well as her claim for breach of fiduciary duty.

¶ 9     The "judgment and order" section included one sentence declaring the HOA the prevailing party: "The Court in its discretion determines that the [HOA] is the prevailing party for purposes of attorney fees and costs pursuant to [section] 38-33.3-123(1)(c)[, C.R.S. 2024,] and C.R.C.P. 54, and awards the [HOA] its reasonable attorney fees and costs in defending this action."  It ordered the HOA to submit "the amount of attorney fees and costs" within fourteen days.

¶ 10    After a hearing on the reasonableness of the HOA's fee request, the court awarded the HOA nearly $200,000 in attorney fees.

## II.    Discussion

¶ 11    St. Charles contends that the trial court erred by (1) dismissing the Wrights from the lawsuit without giving her an

3

opportunity to seek conditions on their dismissal and (2) failing to follow the mandatory procedures for awarding attorney fees.

### A. Dismissal of the Wrights' Claims

¶ 12 In December 2014, the parties engaged in mediation, during which the Wrights settled their claims against the HOA. At the time, the plaintiffs were jointly represented.

¶ 13 Three months later, the court issued an order in which it noted that the HOA had resolved all of the Wrights' claims, and "a stipulation to dismiss those claims w[ould] be filed after final execution of settlement documents." More than a year later, in June 2016, the Wrights, acting pro se, and the HOA filed a joint stipulation to dismiss the Wrights' claims, with each side to bear its own costs and attorney fees. The next day, the court entered an order on the stipulation, dismissing the claims.

¶ 14 As we understand St. Charles' argument, she contends that, pursuant to C.R.C.P. 21 or 41(a), the court should have considered whether the Wrights' dismissal from the lawsuit would have prejudiced her and, if so, it should have either refused to dismiss their claims or crafted conditions to cure the prejudice. St. Charles says that, given the chance, she would have urged the court to

condition the Wrights' dismissal on a requirement that the HOA forgo collecting attorney fees (or some portion of them) from St. Charles through the date of the stipulation.

¶ 15     We conclude that St. Charles waived this claim, particularly in light of the relief requested.

¶ 16     In civil cases, a party's failure to preserve a claim of error results in a waiver of the right to raise the issue on appeal.  *See, e.g., Vanderpool v. Loftness*, 2012 COA 115, ¶ 35.  An exception applies when the court rules sua sponte on an issue, depriving the party of an opportunity to object.  *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 26.

¶ 17     We disagree with St. Charles that the court's order adopting the stipulation deprived her of an opportunity to object to the Wrights' unconditional dismissal from the case.  St. Charles knew as early as December 2014 that the Wrights had settled their claims against the HOA.  She did not attempt at that point, or any point thereafter, to object to their dismissal or to condition the dismissal of their claims in any way.  Even when the court alerted her that a "stipulation" rather than a "motion" would be filed to dismiss the claims, St. Charles did nothing.

¶ 18     To the extent she now contends that she could not have proposed conditions for dismissal until after the Wrights and the HOA submitted their joint stipulation, we reject that contention. True, St. Charles might not have known the precise terms of the other parties' settlement, but she could certainly have anticipated that the settlement would resolve — one way or another — the issue of attorney fees.  If she wanted to prevent the Wrights' dismissal except under certain conditions related to attorney fees, she could have made her position known as soon as the court advised that the Wrights would be dismissed by stipulation.  Instead, she waited almost ten years to raise the issue.

¶ 19     Under the circumstances, we will not attribute St. Charles' failure to preserve her claim to the timing of the trial court's order.

¶ 20     Indeed, a finding of waiver is particularly appropriate here, given the nature of the relief requested.  St. Charles seeks a remand to be put back in a position to object to the Wrights' dismissal unless certain conditions are imposed.  But neither the other parties nor the court can be put back into their previous positions.  As St. Charles' counsel acknowledged at oral argument, the court cannot force the Wrights to reenter a case from which they were

dismissed nearly ten years ago and in which a final judgment has now entered. But also, how could the court impose a retroactive condition of dismissal that precludes the HOA from obtaining attorney fees from St. Charles? The HOA might not have agreed to the same settlement terms if it had known that dismissal of the Wrights' claims came with that condition.

¶ 21 Accordingly, we conclude that St. Charles has waived any contention of error related to the Wrights' dismissal. *See Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 18.

### B. Attorney Fee Award

¶ 22 At the end of the bench trial, both parties submitted proposed findings of fact and conclusions of law, and both parties proposed that the court name them the prevailing party. As noted, at the end of its own findings and conclusions, the court declared the HOA the prevailing party without explanation.

¶ 23 In accordance with the court's order, the HOA submitted a statement of attorney fees briefly summarizing the case's procedural history and then setting forth support for its specific attorney fee request. The statement noted that the court had already

determined the HOA to be the prevailing party and had "awarded the [HOA] its reasonable attorney fees." St. Charles objected to the amount of fees, in part on the ground that she had prevailed on what she characterized as the most significant issue in the case.

¶ 24 Before the hearing on the HOA's attorney fee request, the trial judge retired, and the case was transferred to a new judge. After the hearing, the court awarded fees to the HOA. In its written order, the court noted that the former trial judge's prevailing party determination was "law of the case." It reduced the HOA's fee request by one-third, however, because fees incurred to defend against the breach of fiduciary duty claim were not recoverable under the governing statute. Thus, the court entered judgment in favor of the HOA for $180,998.57.

¶ 25 St. Charles contends that the attorney fee award must be reversed based on the court's failure to comply with C.R.C.P. 121, section 1-22(2), or to make sufficient factual findings. We agree.

1. Applicable Law and Standard of Review

¶ 26 In Colorado, attorney fees are generally recoverable only as permitted by a statute, court rule, or private contract. *Plan.*

*Partners Int'l, LLC v. QED, Inc.*, 2013 CO 43, ¶ 13.  Here, the trial court acknowledged that the only basis for awarding fees was the Colorado Common Interest Ownership Act (CCIOA).  *See* §§ 38-33.3-101 to -401, C.R.S. 2024.

¶ 27     CCIOA "establishes a uniform framework for the creation and operation of common interest communities."  *FD Ints., LLC v. Fairways at Buffalo Run Homeowners Ass'n*, 2019 COA 148, ¶ 24. The statute authorizes the award of "reasonable attorney fees . . . to the prevailing party" in actions "to enforce or defend . . . the declaration, bylaws, articles, or rules and regulations" of such a community.  § 38-33.3-123(1)(c)(I).  Whether this fee-shifting provision applies depends on the purpose of the litigation.  *See Colo. Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718, 723 (Colo. App. 2001) (declining to award fees under CCIOA where the primary purpose of the tort claim at issue was to secure damages rather than enforce a declaration).

¶ 28     C.R.C.P. 121, section 1-22(2), applies to any request for attorney fees, regardless of the basis of the request.  Under that rule, the party seeking fees "shall file and serve a motion for attorney fees" explaining, among other things, "the basis upon

9

which fees are sought." C.R.C.P. 121, § 1-22(2)(b). The rule allows for a response and a reply and gives the court discretion to order discovery on the motion. *Id.* If a party requests a hearing on the motion, due process requires that the court hold one. *Walker v. Women's Pro. Rodeo Ass'n*, 2021 COA 105M, ¶ 81; C.R.C.P. 121, § 1-22(2)(c). Finally, the rule requires the court to "make findings of fact to support its determination of the motion." C.R.C.P. 121, § 1-22(2)(c).

¶ 29    We review a trial court's prevailing party determination for an abuse of discretion. *Anderson v. Pursell*, 244 P.3d 1188, 1193-94 (Colo. 2010); *Sinclair Transp. Co. v. Sandberg*, 2014 COA 75M, ¶ 26. But we review de novo whether the trial court applied the correct legal standard, including whether it complied with a rule of civil procedure. *See Strudley v. Antero Res. Corp.*, 2013 COA 106, ¶¶ 13, 34.

## 2.    Analysis

¶ 30    The HOA again raises preservation, arguing that St. Charles waived this claim by failing to object in the trial court. This time, we disagree.

¶ 31    Unlike its dismissal of the Wrights' claims, the court's sua sponte entry of an order holding that the HOA was entitled to attorney fees as the prevailing party deprived St. Charles of an opportunity to object at the right time.  The HOA says that St. Charles should have filed a C.R.C.P. 59 motion after the fact to preserve her claim.  But it also acknowledged at oral argument that, as a general matter, a party need not file a Rule 59 motion to preserve its right to appeal an issue.  *See* C.R.C.P. 59(b).  At any rate, she could not have preserved the issue for appellate review by raising it for the first time in a Rule 59 motion.  *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66.

¶ 32    We are likewise unpersuaded that St. Charles invited the court's error.  Under the invited error doctrine, a party cannot ask the court to take a particular action and then, when it does, complain on appeal that the action amounted to reversible error.  *See, e.g., McGill v. DIA Airport Parking, LLC*, 2016 COA 165, ¶ 9.  True, in their proposed findings and conclusions, both parties asked the court to find that they were the prevailing party.  But invited error is a "narrow doctrine," *People v. Rediger*, 2018 CO 32, ¶ 34, and in this case, the court did not take the action that St.

Charles requested. Nor did St. Charles specifically ask the court to deviate from the mandatory procedures in C.R.C.P. 121, section 1-22.

¶ 33 Under these circumstances, we conclude that the exception to the preservation requirement applies. *See Rinker*, ¶ 26. Therefore, we turn to the merits.

¶ 34 The HOA insists that the procedures followed here complied with C.R.C.P. 121, section 1-22, because St. Charles had a chance to file a response to the HOA's fee request and to challenge the reasonableness of the fees at a hearing. But by then, the court had already decided the issue.

¶ 35 A party requesting an award of attorney fees has the burden to prove by a preponderance of the evidence that it is entitled to them. *See Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 998 (Colo. App. 2011). The court's sua sponte ruling relieved the HOA of its burden and deprived St. Charles of an opportunity to address the question of prevailing party.

¶ 36 We cannot accept the HOA's invitation to independently find that it was the prevailing party and affirm on that ground. For the reasons we explain in a moment, the court's findings are

insufficient to permit our review of the court's ruling, much less to make our own findings on prevailing party.

¶ 37 A court must make sufficient findings to permit meaningful appellate review of an attorney fee award. *Cronk v. Bowers*, 2023 COA 68M, ¶ 33. Here, the court did not make any findings. It merely granted in part and denied in part one of the declaratory judgment claims and denied the breach of fiduciary duty claim. St. Charles' declaratory relief claim contained twenty-five subparts, though, and according to the HOA's pretrial memorandum, ten of them were at issue at the trial. It is not clear to us, from the court's judgment, how the other issues were disposed of and who prevailed on each. And it is also unclear which, if any, of the subclaims for relief required the HOA to "enforce or defend . . . the declaration" such that it would be entitled to fees under CCIOA. § 38-33.3-123(1)(c). Under CCIOA, to be a prevailing party, the party requesting fees must have succeeded "upon a significant issue presented by the litigation" and have "achieved some of the benefits that [s]he sought in the lawsuit." *Buffalo Run*, ¶ 59 (quoting *In re Marriage of Sanchez-Vigil*, 151 P.3d 621, 625 (Colo. App. 2006)). The court's ruling does not address the significance of the claims or

the benefits achieved. And because the second judge determined that only one of the two claims listed in the judgment arose under CCIOA, we do not know if this fact would have affected the original judge's prevailing party finding.

¶ 38    In sum, we conclude that the trial court failed to comply with C.R.C.P. 121, section 1-22, and failed to make sufficient findings to permit meaningful review of its prevailing party ruling. Consequently, we must reverse the attorney fee order and remand for further proceedings.

### III.    Appellate Attorney Fees

¶ 39    Both parties request their appellate attorney fees under C.A.R. 39.1 and section 38-33-123. *See Accetta v. Brooks Tower Residences Condo. Ass'n,* 2021 COA 87, ¶ 66 (holding that appellate attorney fees may be awarded under CCIOA).

¶ 40    Because we reverse the trial court's attorney fee award, we decline as "premature" the requests to award appellate attorney fees. *Bedard v. Martin,* 100 P.3d 584, 593 (Colo. App. 2004). Instead, the trial court must consider the parties' requests for appellate fees following the remand proceedings.

14

## IV.   Disposition

¶ 41    The judgment is affirmed, the attorney fees order is reversed, and the case is remanded for further proceedings.

JUDGE GROVE and JUDGE PAWAR concur.