24CA1697 Elk Run Ski Pad v Elk Run at Copper 11-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1697
Summit County District Court No. 21CV30072
Honorable Reed W. Owens, Judge

---

Elk Run Ski Pad, LLC, an Arizona limited liability company,

Plaintiff-Appellee,

v.

Elk Run at Copper Mountain Condominiums Homeowners Association, a
Colorado nonprofit corporation,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

---

Campbell, Wagner & Frazier, LLC, Winslow Taylor, III, Greenwood Village,
Colorado, for Plaintiff-Appellee

Lorber, Greenfield & Olsen, LLP, Stuart D. Morse, Konrad R. Schreier,
Greenwood Village, Colorado, for Defendant-Appellant

¶ 1    Defendant, Elk Run at Copper Mountain Condominiums Homeowners Association (the Association), appeals the district court's order denying its request for an award of the attorney fees and costs it incurred in defending against a contempt action initiated by plaintiff, Elk Run Ski Pad, LLC (Owner).  Because the Association is not entitled to attorney fees and costs, we affirm the order.

## I.    Factual and Procedural Background

### A.    The Litigation and Judgment

¶ 2    In 2019, Owner purchased a condominium unit in the Elk Run at Copper Mountain Condominiums complex.  Both before and after the purchase, Owner notified the Association of problems related to windows and associated wells, entry stairs, and radon levels.  Because the Association was responsible for the common elements at the complex, Owner asked the Association to address the identified problems.  The Association didn't make the requested repairs.

¶ 3    Owner then sued the Association for breach of the Amended and Restated Declaration of Elk Run at Copper Mountain Condominiums (the Declaration) and under the Colorado Common

1

Interest Ownership Act, sections 38-33.3-101 to -402, C.R.S. 2025 (the Act). Owner sought declaratory and injunctive relief.

¶ 4 After a bench trial, the district court issued a detailed written ruling in favor of Owner (the Judgment). The court found that the Association expressly violated the Act and the Declaration and that the Association's actions were "unconscionable" and "in bad faith." The court granted Owner's request for declaratory relief and held that Owner was entitled to recover its attorney fees and costs under the Declaration and the Act. The court also entered an injunction requiring the Association to complete the repairs and radon mitigation "in accordance with industry standards . . . no later than June 30, 2023," and noted that the injunction "may be enforced by contempt of court proceedings, which may include remedial or punitive sanctions, including the imposition of fines."

¶ 5 The Association and Owner each appealed portions of the Judgment, and a division of this court affirmed. *Elk Run Ski Pad, LLC v. Elk Run at Copper Mountain Condos. Homeowners Ass'n,* (Colo. App. No. 23CA0225, Feb. 15, 2024) (not published pursuant to C.A.R. 35(e)).

## B. The Contempt Proceedings

¶ 6　The Association did not complete the required repairs by the June 2023 deadline. As a result, in July 2023, Owner filed a motion under C.R.C.P. 107(d)(2), asking the court to hold the Association in contempt, impose daily sanctions until the Association completed the repairs, and award Owner its attorney fees and costs.

¶ 7　In response, the Association requested — and the court granted — two extensions of time to complete the required repairs, extending the deadline to October 2023. But when the Association sought a third extension, the court declined to extend the deadline further, observing that the Association had had "ample time" to complete the repairs and comply with the Judgment.

¶ 8　The court then held a six-day contempt hearing. After considering the evidence, the court declined to hold the Association in contempt. It found that, although "there are a couple items left to do," the Association had "substantially complied" with the Judgment.

¶ 9　Shortly after that ruling, the Association filed a motion for attorney fees and costs. It claimed it was entitled to fees and costs

under the Act, the Declaration, C.R.C.P. 54, and Rule 107(d) for successfully defending the contempt motion.

¶ 10    The court denied the Association's motion.  It found no legal basis to award fees and costs for defending a contempt action and rejected the Association's attempt to "reframe the dispute as relating back to an enforcement of the Declaration[] and under [the Act]."

## II.    Analysis

¶ 11    The Association contends that the district court erred by denying its request for attorney fees and costs.  It specifically argues that, "as the prevailing party" in the contempt proceeding, it is entitled to attorney fees and costs under the Declaration or, alternatively, under the Act.  We disagree.

### A.    The Association Isn't Entitled to Attorney Fees Under the Declaration

¶ 12    The Association first contends that it is entitled to its attorney fees and costs under section 4.6 of the Declaration because it successfully defended the contempt action.

¶ 13    "[W]e interpret contractual fee-shifting provisions de novo." *W. Stone & Metal Corp. v. DIG HP1, LLC*, 2020 COA 58, ¶ 12; *see*

*also Francis v. Aspen Mountain Condo. Ass'n*, 2017 COA 19, ¶ 9

(interpreting the terms of a condominium declaration de novo).

¶ 14    Section 4.6 of the Declaration provides:

> **<u>Rights of Action</u>.**  The Association, on behalf
> of itself, and any aggrieved Owner shall be
> granted a right of action against any and all
> Owners for failure to comply with the
> provisions of the Association Documents, or
> with decisions of the Board of Directors made
> pursuant to authority granted to the
> Association in the Association Documents.
> Individual Owners shall have a right of action
> against the Association for failure to comply
> with the provisions of the Association
> Documents or with decisions of the Board of
> Directors made pursuant to authority granted
> to the Association in the Association
> Documents.  *In any action covered by this*
> *Section, the Association, or any Owner, shall*
> *have the right, but not the obligation, to enforce*
> *the Association Documents by any proceeding*
> *at law or in equity, or as set forth in the*
> *Association Documents, or by mediation or*
> *binding arbitration if the parties so agree.  The*
> *prevailing party in any arbitration, or judicial*
> *relief, shall be entitled to reimbursement from*
> *the non-prevailing party or parties for all*
> *reasonable costs and expenses, including*
> *attorneys' fees in connection with such*
> *arbitration or judicial relief.*

(Emphasis added.)

¶ 15    Construing the plain language of section 4.6, the Association

is entitled to attorney fees only if it prevails in an action "covered by

5

this [s]ection." *See Francis*, ¶ 9 (interpreting condominium declarations according to their plain and ordinary meaning). The covered actions are limited to those filed "for failure to comply with the provisions of the Association Documents" or with authorized "decisions of the Board of Directors." Thus, contrary to the Association's assertion — which ignores all but one sentence of section 4.6 — section 4.6 does not extend to *every* judicial action, much less every filing in an action in which the Association prevails. *See Quarky, LLC v. Gabrick*, 2024 COA 76, ¶ 11 (construing the terms of a condominium declaration as a whole).

¶ 16     To the extent the Association claims that the contempt action is a covered action under section 4.6, we disagree. Owner obtained the Judgment in its action against the Association for breach of the Declaration. In the motion for contempt, Owner simply sought to enforce the Judgment. For that reason, Owner brought the action under Rule 107 (which governs contempt actions), not under the Declaration. And the contempt motion did not assert any claims (or seek attorney fees) under the Declaration.

¶ 17     *In re Marriage of Sanchez-Vigil*, 151 P.3d 621 (Colo. App. 2006) — to which the Association directs us — changes nothing. In that

case, a husband and a wife entered into a separation agreement that included a prevailing party fee-shifting provision. The court incorporated the agreement into the dissolution decree and "entered [it] as a permanent order of the court." *Id.* at 622. When husband failed to comply with the separation agreement, wife moved for contempt and requested attorney fees and costs under the agreement. Although the court found husband in contempt, it concluded fees were not available for criminal contempt under Rule 107. *Id.* A division of this court reversed, concluding that the plain language of the separation agreement entitled wife to attorney fees. *Id.* at 623. But, as already explained, Owner sought contempt under Rule 107 to enforce the Judgment, which — unlike the court-ordered separation agreement in *Sanchez-Vigil* — has no fee-shifting provision.

¶ 18    That leaves the Association's claim that, because the court awarded attorney fees and costs to Owner for enforcing the Declaration, it was "clearly arbitrary" to deny the Association the attorney fees and costs it incurred to defend the contempt motion. In its original complaint, however, Owner asserted claims under the Declaration. Because Owner prevailed on its claim that the

7

Association breached the Declaration, it was entitled to attorney fees under section 4.6. Defending the contempt motion, in which Owner simply sought to enforce the Judgment, isn't the same.

¶ 19    For these reasons, the Association is not entitled to an award of its attorney fees and costs under the Declaration for successfully defending the contempt action.

   B.    The Association Isn't Entitled to Attorney Fees Under the Act

¶ 20    In the alternative, the Association argues that the district court erred by not awarding it attorney fees and costs under the Act. We disagree for two reasons.

¶ 21    First, whether the Act's fee-shifting provision applies depends on the purpose of the litigation. *Colo. Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718, 723 (Colo. App. 2001). And because the purpose of the contempt action was to enforce the Judgment, not to enforce the Act or the Declaration, the fee-shifting provision did not apply. *See* § 38-33.3-123(1)(c)(I), C.R.S. 2025 ("In any civil action to enforce or defend [the Act] or the declaration, . . . the court shall award reasonable attorney fees . . . to the prevailing party."); *see also Platt v. Aspenwood Condo. Ass'n*, 214 P.3d 1060, 1068 (Colo. App. 2009) (rejecting claim that the fee-shifting provision applied

where neither the claims nor the counterclaims "were to enforce or defend the [Act]").

¶ 22    Second, and more fundamentally, as outlined in detail in the Judgment, Owner — not the Association — prevailed in the overall action.  That the court didn't hold the Association in contempt doesn't make it the prevailing party in the action.  For this reason alone, the Association isn't entitled to fees under the Act.  *Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶¶ 21, 25, 29 (construing the Act's fee-shifting provision to apply to the party that prevailed in the action as a *whole*, not as to a claim or defense).

C.    The Association's Remaining Contentions

¶ 23    We decline to review the Association's general assertion that the district court erred by not awarding it attorney fees and costs under Rule 54(d).  Beyond reciting the text of Rule 54(d), and the fact that the Rule only applies to costs, the Association does not develop any argument about its entitlement to an award under Rule 54(d) or explain how the district court erred by not awarding it costs under that Rule.  We don't address unsupported arguments.  *See Pilmenstein v. Devereux Cleo Wallace*, 2021 COA 59, ¶ 52.

¶ 24    To the extent the Association argued before the district court that it was entitled to attorney fees under Rule 107, it has now abandoned that argument and we do not address it.  *See McLellan v. Weiss*, 2024 COA 114, ¶ 10 n.2 (arguments raised below but not raised on appeal are deemed abandoned).

### III.    Appellate Attorney Fees

¶ 25    In a single sentence without citation, the Association requests an award of attorney fees and costs "for this appeal pursuant to the Declaration[]."  Because the Association does not "explain the legal and factual basis" for its request, we decline to consider it.  C.A.R. 39.1; *see also Andres Trucking Co. v. United Fire & Cas. Co.*, 2018 COA 144, ¶ 63 (declining to consider request for attorney fees where requesting party did not provide any supporting factual recitation or legal authority).

¶ 26    Owner also seeks an award of appellate attorney fees.  It argues that the Association's appeal is substantially vexatious and asks us to award attorney fees under section 13-17-102(2), C.R.S. 2025.  This is a closer call.  But we ultimately cannot conclude that the appeal — though unsuccessful — is so lacking in substantial justification as to warrant an attorney fee award under that statute.

## IV. Disposition

¶ 27    The order is affirmed.

JUDGE LIPINSKY and JUDGE KUHN concur.